# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIDEL LAMAR COSBY, | ) | Civil Action No. 3: 20-cv-0205 |
| | ) | |
| Petitioner, | ) | Chief United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| v. | ) | |
| | ) | |
| SUPERINTENDENT KEVIN J. RANSOM, | ) | |
| and DISTRICT ATTORNEY OF | ) | |
| CAMBRIA COUNTY, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION[1]

On October 2, 2020,[2] Petitioner Fidel Lamar Cosby ("Petitioner" or "Cosby") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his judgment of sentence entered in the Court of Common Pleas of Cambria County, Pennsylvania, on November 3, 2015. (ECF No. 1). Respondents filed a Motion to Dismiss on the grounds that the petition is barred by the statute of limitations. (ECF No. 11). Cosby filed a timely response in opposition. (ECF No. 20). The mater is ripe for disposition.

For the reasons set forth below, the petition for writ of habeas corpus will be dismissed as untimely and a certificate of appealability will be denied.

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. jurisdiction by a United States Magistrate Judge. *See* ECF Nos. 18 and 19.

[2]    The "prisoner mailbox rule" provides that a prisoner's pleadings are deemed filed at the moment he delivers the documents to prison officials to be mailed, and not the date the documents were actually filed in court. *Houston v. Lack*, 487 U.S. 266, 275–76 (1988); *see also Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (explaining that "a pro se prisoner's . . . petition is deemed filed at the moment he delivers it to prison officials for mailing").

## I.    Procedural History

The following state court procedural and factual background is extracted from the June 26, 2018, decision of the Superior Court of Pennsylvania dismissing Cosby's appeal for want of jurisdiction:

> The facts and procedural history of this case are undisputed. Briefly, on September 22, 2015, Appellant pleaded guilty to third-degree murder 19 Pa.C.S.A § 2502(c)) and firearms not to be carried without a license (18 Pa.C.S.A. § 6101(a)(1)). On November 3, 2015, the trial court sentenced Appellant to an aggregate term of 156 to 420 months' imprisonment. Appellant filed post-sentence motions, which the trial court denied on December 22, 2015. On April 6, 2017, nearly fifteen months after his judgment of sentence became final, Appellant *pro se* filed a petition under the Post-Conviction Relief Act ("PCRA"), alleging ineffective assistance of counsel and requesting reinstatement of his direct appeal rights *nunc pro tunc*. On May 12, 2017, the PCRA court, without a hearing and based on the parties' consent, dismissed Appellant's PCRA petition without prejudice and reinstated *nunc pro tunc* his direct appeal rights. The PCRA court directed Appellant to file a notice of appeal within thirty days of the date of the order. Appellant complied. Following Appellant's filing of a Pa.R.C.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.C.P. 1925(a) opinion.

> . . .

> Before we may address the merits of this appeal, we must determine whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. . . . . Section 9545's timeliness provisions are jurisdictional. **Commonwealth v. Ali**, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressively delineated in the Act." **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

> Here, the record reflects Appellant's judgment of sentence became final on January 22, 2016. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from January 22, 2016, to file his PCRA petition, the current filing is facially untimely given it was filed on April 6, 2017.

> The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant has failed to allege, let alone prove, any exceptions to the one-year time bar. Accordingly, the PCRA court did not have jurisdiction to entertain Appellant's PCRA petition on the merits and reinstate his direct appeal

rights *nunc pro tunc*. We likewise lack jurisdiction to consider the merits, if any, of the petition. Thus, the instant appeal must be dismissed for want of jurisdiction.

. . .

*Commonwealth v. Fidel Cosby*, 918 WDA 2017 (Pa. Super. Ct. June 26, 2018) (unpublished memorandum opinion) (ECF No. 11-1 at 87-90). On May 31, 2019, the Supreme Court of Pennsylvania granted Cosby leave to file a Petition for Allowance of Review *nunc pro tunc*. *Commonwealth v. Fidel Cosby*, No. 12 WM 2019 (Pa. May 31, 2019)(ECF No. 11-1 at 92). The Supreme Court of Pennsylvania denied Cosby's Petition for Allowance of Appeal on October 16, 2019. *Commonwealth v. Fidel Cosby*, No. 167 WAL 2019 (Pa. Oct. 16, 2019)(ECF No. 11-1 at 93).

On October 5, 2020, Cosby filed a second PCRA petition. After providing Cosby with notice of the court's intent to dismiss the second PCRA petition and an opportunity to respond, on October 28, 2020, The Honorable Norman A. Krumenacker, III, President Judge of the Court of Common Pleas of Cambria County, entered an Opinion and Order denying Cosby's second PCRA petition as untimely. (ECF No. 11-1 at 107-112). It does not appear from a review of the public docket that Cosby filed an appeal from that order.[3]

Almost contemporaneously with the filing of his second PCRA petition, Cosby filed the instant federal habeas petition on October 2, 2020. (ECF No. 1). Respondents were served and filed the pending motion to dismiss on December 28, 2020. (ECF No. 11). Cosby has responded in opposition (ECF No. 20) and the matter is ripe for disposition.

---

[3] *See* https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-11-CR-0002008-2014&dnh=yg8VdsBJlnAwdzWWFqVWKA%3D%3D (last viewed 3/31/2021).

II.     **Discussion**

A.     **Timeliness**

AEDPA imposes a one-year limitations period for a state prisoner to file a federal habeas petition. Generally, the limitations period begins to run on the date the judgment of sentence becomes final. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final at the conclusion of direct review or upon the expiration of time for seeking such review. *Id.; see Gonzales v. Thaler*, 565 U.S. 134 (2012). One of the following alternative start dates, however, may apply:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(B)-(D). Furthermore, the AEDPA limitations period is subject to both statutory and equitable tolling. *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

Cosby pleaded guilty to third-degree murder and firearms not to be carried without a license on September 22, 2015. The state court sentenced him on November 3, 2015. Post-sentence motions were denied on December 22, 2015. Cosby did not file a direct appeal. The judgment became final on January 22, 2016, after the expiration of the thirty days allotted to pursue a direct appeal. 28 U.S.C. § 2244(d)(1)(A). The one-year AEDPA statute of limitations period commenced running as of that date and expired one year later, on January 23, 2017.[4] Therefore, the present petition, filed October 2, 2020, is facially untimely and must be dismissed

---

[4]   Because January 22, 2017, was a Sunday, the filing day was extended until the next business day, which was Monday, January 23, 2017.

unless Cosby can show that the limitations period should be tolled, either statutorily or equitably, or that an alternate date should apply.

**B.      Statutory Tolling**

Section 2244(d)(2) provides that "[t]he time during which a <u>properly filed</u> application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). A properly filed post-conviction petition tolls AEDPA's statute of limitations.  *Id*.   As noted above, Cosby's judgment of sentence became final on January 22, 2016. Cosby's first PCRA petition was not filed until April 6, 2017, nearly fifteen months after his judgment of sentence became final.  The Superior Court found that Cosby had failed to prove any exceptions to the one-year time bar and dismissed the appeal for want of jurisdiction. Cosby's second PCRA petition was also dismissed as being untimely.

"A state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)."  *Allen v. Siebert,* 552 U.S. 3, 5, (2007) (citing *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Because the Superior Court rejected Cosby's PCRA petition as untimely, he is not entitled to statutory tolling under § 2244(d)(2) for the time he spent litigating his first PCRA petition.[5]  The one-year AEDPA deadline for filing a federal habeas petition expired on January 23, 2017.  Yet, Cosby filed his federal petition for writ of habeas corpus on October 2, 2020,  approximately 3 years, 8 months, and 9 days (or 1348 days) after the AEDPA filing deadline.

---

[5]      This Court "must defer" to the holdings of the state courts on whether a PCRA petition is untimely.  *See Merritt v. Blaine*,  326 F.3d 157, 165-66 (3d Cir. 2003).

### C.     Equitable Tolling

Equitable tolling stops the clock when extraordinary circumstances prevent a petitioner from timely filing, thereby rendering strict enforcement of the one-year limitations period unfair. *Wood v. Milyard*, 566 U.S. 463, 469 n.3 (2012); *see also Holland v. Florida*, 560 U.S. 631 (2010).   "Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 15, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271 274-75 (3d Cir. 2005). Generally, a litigant seeking equitable tolling must establish two elements:  (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way.  *Pace*, 544 at 418.

With respect to the diligent pursuit of rights, the petitioner must demonstrate that he exercised reasonable diligence in investigating and bringing the claims.  *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002).  Mere excusable neglect is not sufficient.  *See LaCava*, 398 F.3d at 276.

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely

filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, Cosby does not request equitable tolling of the AEDPA statute of limitations on the grounds that he exercised reasonable diligence throughout the limitations period or that extraordinary circumstances obstructed his pursuit of relief in either state or federal court. Rather, he requests equitable tolling under the "actual innocence" standard first developed in *Schulp v. Delo*, 513 U.S. 298 (1995), and later expanded in *McQuiggin v. Perkins*, -- U.S. --, 133 S.Ct. 1924 (2013).

*McQuiggin* made it clear that such an exception is very rare, noting that the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 1935 (citing *Schlup*, 513 U.S. at 327). "To be credible a claim of actual innocence must be based on reliable evidence not presented at trial." *Schlup*, 513 U.S. at 324; *Calderon v. Thompson*, 523 U.S. 558, 559 (1998). "Proving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Sistrunk v. Rozum,* 674 F.3d 181, 191 (3d Cir. 2012) (citing *Schlup*, 513 U.S. at 327). Moreover, our court of appeals has instructed that,

> The gateway actual innocence standard is "demanding" and satisfied only in the "rare" and "extraordinary case" where "a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.

*Reeves v. Fayette SCI*, 897 F.3d 154, 161 (3d Cir. 2018) (quoting *McQuiggin*, 569 U.S. at 392), *cert. denied*, -- U.S. --, 139 S.Ct. 2713 (June 17, 2019).

Cosby cannot satisfy this extremely narrow exception. He is unable to demonstrate that no reasonable juror would have convicted him. Cosby had no trial because he pled guilty. Courts within the Third Circuit have rejected actual innocence claims asserted to overcome a time-bar when, as here, the petitioner pled guilty to the offenses of conviction. *See, e.g., Evick v. Caple,* Civ. Act. No. 18-395-RGA, 2021 WL 534877, at *6-8 (D. Del. Feb. 2, 2021)*; Hamilton v. Estock*, Civil No. 3: 20-cv-1476, 2020 WL7391270, at *4 (M.D.Pa. Dec. 16, 2020); *Madison v. McGinley*, Civ. Act. No. 18-3539, 2019 WL 2591296, at *4 (E.D.Pa. May 3, 2019) (collecting cases).

"It is well-settled that '[s]olemn declarations in open court carry a strong presumption of verity' that creates a 'formidable barrier in any subsequent collateral proceedings'." *Evick,* 2021 WL 534877 at *7 (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). The transcript of Cosby's plea colloquy contains his clear and explicit statement that he understood the charges against him; he had discussed his case with his defense counsel and understood all of the rights he was waiving by entering a guilty plea; nobody had forced him to plead guilty or had promised him anything other than what was in the plea agreement in exchange for his plea; and he was pleading guilty because he was, in fact, guilty. (ECF No. 11-1 at 11-22). The Court finds that Cosby's claim of actual innocence is belied by his admission of guilt while under oath at the guilty plea hearing. *See Madison v. McGinley*, 2019 WL 2591296, at *4 (collecting cases).

After careful consideration of the submissions of the parties, the Court finds that Cosby has failed to show that the AEDPA statute of limitations should be equitably tolled. Because Cosby cannot demonstrate that he is entitled to statutory or equitable tolling, even considering his argument of actual innocence, his petition remains untimely. He has failed to demonstrate that he is entitled to any exceptions to the federal statute of limitations.

**III.    Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Cosby's claims should be denied as untimely. Accordingly, a certificate of appealability will be denied.

**IV.    Conclusion**

For the reasons set forth above, the petition for writ of habeas corpus is time-barred and no tolling applies to remedy the untimeliness.   A certificate of appealability will be denied.  A separate Order follows.

DATED:  April 1, 2021

BY THE COURT:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:     **FIDEL LAMAR COSBY**
        MJ-5123
        SCI-DALLAS
        1000 FOLLIES ROAD
        DALLAS, PA 18612
        (via U.S. First Class Mail)

        **Warren L. Crilly , III**
        Cambria County District Attorney's Office
        (via ECF electronic notification)

10